IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLA REED, a woman prosecutor, | |
| Plaintiff, | 8:21CV231 |
| vs. | |
| JAMES HAGEN, ADAM CHARTER, and ANGELA M. FRANZ, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues three individuals for trespass, robbery, forgery, and "interfering with my right to life liberty and the pursuit of happiness" between February and June 2021. (Filing 1 at CM/ECF p. 1.) Plaintiff claims that the Defendants owe her $75,000 for property she "was robbed for" and upon which the Defendants "continual[ly] trespass." (*Id*.) Specifically, Plaintiff alleges that Defendant Charter trespassed upon her property, Defendants Charter and Hagen robbed her of her property, and Defendant Franz "has been uttering forged/false instrument into the public verbally and by way of false instruments forged with my property/myself information into the public." (Filing 1 at CM/ECF pp. 4-5.) Plaintiff refers generically to "casual agent/government workers" trespassing "by way of false emergency forged instruments" and "police or court or deputy attorneys" committing forgery, but Plaintiff does not identify which Defendants, if any, hold these positions. (Filing 1 at CM/ECF pp. 1, 3.) Plaintiff also does not identify the nature of the property at issue.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused or committed by a person acting under color of state law. *Roe v. Humke*, 128 F.3d 1213, 1214 (8th Cir. 1997).

Plaintiff seems to be bringing her first section 1983 claim on the basis that the individual Defendants violated state criminal statutes. Neb. Rev. Stat. §§ 28-513

(theft by extortion), 28-521 (criminal trespass), 28-324 (robbery), 28-603 (forgery). This claim must be dismissed because "'[a]lleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983.'" *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005) (quoting *Whisman v. Rinehart*, 119 F.3d 1303, 1312 (8th Cir. 1997). To the extent Plaintiff requests that criminal charges be brought against the Defendants, Plaintiff does not state a federal claim, as a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted).

Plaintiff also may be asserting that Defendants have deprived her of her property without due process of law. However, Plaintiff has failed to allege that the deprivation was caused or committed by a person acting under color of state law. As stated above, Plaintiff's allegations portray Defendants as private citizens and not as state actors. An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe*, 128 F.3d at 1216. Even reading Plaintiff's Complaint liberally and assuming as true Plaintiff's allegations that the Defendants wrongfully took her property, they are not alleged to

3

be "state actors" for the purposes of this section 1983 litigation. Because Plaintiff's allegations fail to establish that a state actor deprived her of a constitutional right, she fails to state a cognizable claim for relief under section 1983.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted against all Defendants.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states a claim against specific, named defendants. The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of her Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to her, when the defendant did it, and how the defendant's actions harmed her. If Plaintiff seeks to bring a 42 U.S.C. § 1983 claim, Plaintiff shall clearly allege facts indicating whether or not the Defendants are state actors and the nature of the property at issue. Plaintiff is warned that any amended complaint she files will supersede, not supplement, her prior pleadings. Plaintiff is encouraged to use the court-approved form to draft her amended complaint, which the clerk of the court will provide to her.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff's 42 U.S.C. § 1983 claims that the individual Defendants violated state criminal statutes and that criminal charges should be brought against the Defendants are dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In her amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when the defendant did it, and how the defendant's actions harmed her. If Plaintiff seeks to bring a 42 U.S.C. § 1983 claim, Plaintiff shall clearly allege facts indicating whether or not the defendants are state actors and the nature of the property at issue.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: December 20, 2021—amended complaint due.

6. The clerk of court is directed to send to Plaintiff a blank civil complaint form for violation of civil rights (non-prisoner).

7. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 18th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge